IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CAROL THOMAS YOUNG, individually and as personal representative for the heirs and the ESTATE OF BRANDON JAMES THOMAS; DEBORAH ANN CASIDA, individually and as personal representative for the heirs and ESTATE OF TODD JAMES VENETTE,<br><br>Plaintiffs,<br><br>vs.<br><br>DONALD M. FEENEY, JR.; C.T.U., Inc., a North Carolina corporation; DONALD M. FEENEY, JR. d/b/a CTU SERVICES IRAQ; DONALD M. FEENEY, JR. d/b/a CTU ASIA, and JOHN DOES 1 through 10,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER EXTENDING TIME FOR SERVICE OF PROCESS<br><br><br><br>Case No. 2:07-CV-296 TS |

Before the Court are Plaintiffs' Motion to Extend Time for Service of Process[1] and Plaintiffs' Ex-Parte Motion for Leave to Serve Defendant by Internet Email Account Pursuant to Fed. R. Civ. P. 4(f)(3)[2]. Plaintiffs filed their complaint in this action on May 3, 2007. Despite good faith efforts,

---

[1] Docket No. 14.

[2] Docket No. 16.

including hiring a process server in Hong Kong, Plaintiffs were unable to serve Defendant Feeney with process and therefore moved the Court on August 27, 2007, to extend the time to serve Mr. Feeney under Federal Rule of Civil Procedure 4(m) to October 29, 2007.[3]  Having requested, to no avail, that Mr. Feeney waive service, Plaintiffs also petitioned the Court for an award of costs in hiring the Hong Kong process server under Rule 4(d)(2), which states in relevant part:

> If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

The Court granted both of Plaintiffs' requests.[4]

Plaintiffs now ask the Court to further extend the time to serve Mr. Feeney to December 28, 2007.  After the Court's previous order extending time to serve, Plaintiffs attempted to serve Mr. Feeney at his last known address in Fayetteville, North Carolina, but he was not there.  However, Plaintiffs were able to contact Judy Feeney who, although not a party to this action herself, accepted process on behalf of C.T.U., Inc., as its co-founder.  Recognizing Plaintiffs' continued efforts, the Court finds good cause to grant Plaintiffs' motion to extend time to serve Mr. Feeney with process.

Additionally, Plaintiffs ask the Court to allow service of process to be effected upon Mr. Feeney through email.  Plaintiffs previously requested through email that Mr. Feeney waive the process requirements of Rule 4.  As proof that Mr. Feeney received this request and ignored it, Plaintiffs have attached an email exchange between Plaintiffs' counsel and Mr. Feeney conducted through the same email address to which the wavier request was sent.  Plaintiffs assert that service

---

[3] Docket No. 3.

[4] Docket No. 6.

of process through this email address is appropriate because Mr. Feeney has ignored their requests to waive process and is avoiding their good faith efforts to serve him personally.

The Court recognizes the validity of using email in appropriate circumstances to effectuate service of process under Rule 4(f)(3), which allows service to be "effected in a place not within any judicial district of the United States . . . by other means not prohibited by international agreement as may be directed by the court."[5]  However, as indicated by its title, Rule 4(f) is applicable only with regard to "Service Upon Individuals in a Foreign Country."[6]  In light of Plaintiffs' initial motion to extend time to serve and impose costs upon Mr. Feeney according to Rule 4(d), which allows for such costs only where the defendant is "located in the United States," it is not clear to the Court whether Rule 4(f) is even applicable to service of process upon Mr. Feeney.  Plaintiffs' memorandum does not speak directly to this concern.  Thus, the Court will deny Plaintiffs' motion because they have not clearly articulated why Rule 4(f) is the correct avenue for determining the appropriate method of service on Mr. Feeney.  However, in so doing the Court notes its willingness to entertain another motion that more fully outlines the applicability of Rule 4(f) to service on Mr. Feeney.

Accordingly, it is hereby

ORDERED that Plaintiffs' Motion to Extend Time for Service of Process [#14] is GRANTED.  It is further

ORDERED that Plaintiffs' Ex-Parte Motion for Leave to Serve Defendant by Internet Email Account Pursuant to Fed. R. Civ. P. 4(f)(3) [#16] is DENIED WITHOUT PREJUDICE.

---

[5] *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-19 (9th Cir. 2002) (allowing service via email under Rule 4(f)(3)).

[6] Fed. R. Civ. P. 4(f).

DATED November 27, 2007.

                      BY THE COURT:

                      _____
                      TED STEWART
                      United States District Judge